ORIGINAL

# In the United States Court of Federal Claims

No. 16-653C
Filed November 8, 2016
NOT FOR PUBLICATION

**FILED**
NOV - 8 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| THOMAS WASHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | *Pro Se*; Rule 12(b)(1), Subject- |
| v. ) | Matter Jurisdiction; 28 U.S.C. § 1495; |
| ) | 28 U.S.C. § 2513, Unjust Conviction; 28 |
| THE UNITED STATES, ) | U.S.C. § 1491(a); *In Forma Pauperis*. |
| ) | |
| Defendant. ) | |

*Thomas Washam*, Dallas, PA, plaintiff *pro se*.

*John S. Groat*, Trial Attorney, *Elizabeth Hosford*, Assistant Director, *Robert E. Kirschman, Jr.*, Director and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff *pro se*, Thomas Washam, brought this action seeking review of the decisions of the United States District Court for the Middle District of Pennsylvania to dismiss and/or transfer two cases that he filed challenging his state criminal conviction and sentence to incarceration. Compl. at 1. The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In addition, plaintiff has filed motions for summary judgment, for judgment on the pleadings and for judgment, pursuant to RCFC 56, 12(c) and 54(b), respectively. Plaintiff has also moved to proceed in this matter *in forma pauperis*. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES** plaintiff's motion for summary judgment, motion for judgment on the pleadings and motion for judgment as moot; and (3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

7014 1200 0000 9093 9737

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Thomas Washam, commenced this action on May 31, 2016. *See generally* Compl. Plaintiff is currently incarcerated at the State Correctional Institution located in Dallas, Pennsylvania in connection with his conviction for first degree murder under Pennsylvania state law.[2] Pl. Mot. to Proceed *In Forma Pauperis* at 2-3; *see* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d).

Plaintiff's complaint is difficult to follow. *See generally* Compl. But, it appears that the gravamen of plaintiff's complaint is a challenge of the decisions of the United States District Court for the Middle District of Pennsylvania to dismiss and/or transfer two cases that plaintiff previously filed in that court challenging his conviction and sentence to incarceration. *See generally* Compl.

On December 14, 2015, plaintiff filed a civil case in in the United States District Court for the Middle District of Pennsylvania challenging his conviction and sentence to incarceration. *See generally* complaint, *Washam v. Mahallay, et al.*, 1:15-cv-2397 (M.D. Pa. Dec. 14, 2015). On January 20, 2016, the district court dismissed that case with prejudice. Order, *Washam v. Mahallay, et al.*, 1:15-cv-2397 (M.D. Pa. Jan. 20, 2016). On April 4, 2016, plaintiff subsequently filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania raising similar claims. Petition for Writ of Habeas Corpus, *Washam v. Mahallay*, 1:16-cv-564 (M.D. Pa. Apr. 4, 2016). On May 9, 2016, the district court transferred that case to the United States District Court for the Eastern District of Pennsylvania,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint and the exhibits attached thereto ("Compl.") and the government's motion to dismiss ("Def. Mot."). Except where otherwise noted, the facts recited herein are undisputed.

[2] In 1987, plaintiff was convicted of first degree murder, possession of an instrument of crime and possession of a firearm without a license in the State of Pennsylvania. *Washam v. Delaware County Court of Common Pleas, et al.*, No. 95-cv-5697, 2006 U.S. Dist. LEXIS 88154, *2 (E.D. Pa. Dec. 5, 2006). Subsequently, plaintiff was sentenced to life in prison. Def. Mot. at 1; *see also* Memorandum, *Washam v. Proud*, No. 13-0606 (E.D. Pa. June 10, 2013) at p. 2. On March 9, 1990, the Pennsylvania Superior Court affirmed the judgment of sentence. *Id.*

where the case is pending. Order, *Washam v. Mahallay, et al.*, 1:16-cv-564 (M.D. Pa. May 9, 2016); *Washam v. Mahallay*, 2:16-cv-2250 (E.D. Pa. May 9, 2016).

In the complaint in this matter, plaintiff alleges that "the transfer of the case of Thomas Washam v. Lawrence Mahallay in the United States District Court [for] the Middle District of Pennsylvania Civil Action No. 1:16-cv-0564, dated May 9th, 2016 is without power or authority and cannot be enlarged by Congress." Compl. at 2. Plaintiff also attaches as an exhibit to the complaint a copy of the United States District Court for the Middle District of Pennsylvania's Order dated May 9, 2016, transferring this case to the Eastern District of Pennsylvania. Compl. at Ex 1. In addition, plaintiff attaches as an exhibit to the complaint a copy of the United States District Court for the Middle District of Pennsylvania's Order dated January 20, 2016, dismissing his other litigation before that court with prejudice. *Id.* at Exh. 1.

Lastly, plaintiff names Lawrence Mahallay, the warden for the State Correctional Institution; United States District Chief Judge Christopher C. Conner; and Andrew S. Kovach, Esq., district attorney of Delaware County Court of Common Pleas as defendants in this action. *Id.* at 1. As relief, plaintiff seeks to recover $1,000,000.00 in damages from the United States. *Id.* at 7.

### B. Procedural Background

Plaintiff filed the complaint in this matter on May 31, 2016. *See generally* Compl. On June 24, 2016, plaintiff filed a motion for leave to proceed *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. On July 6, 2016, plaintiff filed a motion for summary judgment, pursuant to RCFC 56. *See generally* Pl. Mot. for Sum. Judg.

The government did not file a timely response to plaintiff's complaint. And so, on August 8, 2016, the Court issued an order directing the government to show cause, on or before August 12, 2016, as to why a response was not timely filed pursuant to RCFC 12(a)(1). *See generally* Order to Show Cause. On August 10, 2016, the government filed a motion to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On August 12, 2016, the government filed a response to the Court's Order to Show Cause. *See generally* Def. Resp. to Order to Show Cause.

3

On August 22, 2016, plaintiff filed a response to the government's motion to dismiss. *See generally* Pl. Resp. On August 30, 2016, plaintiff filed a motion for judgment on the pleadings. *See generally* Pl. Mot. Jmt. on Pl. On September 13, 2016, plaintiff filed a supplemental response to the government's motion to dismiss. *See generally* Pl. Suppl. Resp. Lastly, on October 26, 2016, plaintiff filed a motion for judgment, pursuant to RCFC 54(b). *See generally* Pl. Mot. Jmt.

## III. STANDARDS OF REVIEW

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).

When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers."); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Given this, the Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

### B. Jurisdiction And RCFC 12(b)(1)

It is well established that this Court's subject-matter jurisdiction must be established before it addresses the merits of a claim. *Plains Comm. Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (Subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits.")). When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2011).

The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.

Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 219 (1983)).

Specifically relevant to this matter, it is well established that the Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)); *see also Jones v. United States*, No. 15-1044, 2016 WL 447144, *1 (Fed. Cl. Feb. 4, 2016). And so, the Court must dismiss a claim seeking to review the decisions of district courts for lack of subject-matter jurisdiction. *Id.*

## IV. DISCUSSION

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claim

The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction upon the ground that the Court does not possess jurisdiction to consider plaintiff's challenge of his state court criminal conviction and sentence to incarceration. Def. Mot. at 1-2. For the reasons discussed below, the Court agrees that it does not possess jurisdiction to consider plaintiff's claim. And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1).

#### 1. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Challenge Of The District Court's Decisions

As an initial matter, to the extent that plaintiff seeks to challenge the district court's decisions to dismiss and/or transfer his cases before that court, the Court does not possess jurisdiction to consider plaintiff's claim. In the complaint, plaintiff alleges that the United States District Court for the Middle District of Pennsylvania's decision to transfer his petition for a writ of habeas corpus to the United States District Court for the Eastern District of Pennsylvania is "without power or authority." Compl. at 2. Plaintiff also names the United States District Judge who presided over that case, as well as over plaintiff's other district court litigation challenging his conviction and sentence to incarceration, as a defendant in this action. *See generally* Compl.

6

The United States Court of Appeals for the Federal Circuit has held that the United States Court of Federal Claims does not possess jurisdiction to review the decisions of district courts relating to proceedings before those courts. *Joshua*, 17 F.3d at 380 (Court lacks jurisdiction to entertain appeal of district court review of state criminal proceedings); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals."); *Jones*, No. 15-1044, 2016 WL 447144, *1 (Fed. Cl. Feb. 4, 2016); *see also Carter v. United States*, 228 Ct. Cl. 898, 900 (1981). It is also well established that this Court does not possess jurisdiction to review or consider criminal matters. *See Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters). A careful reading of the complaint demonstrates that a review of the district court's decisions with respect to plaintiff's criminal conviction and sentence to incarceration is precisely the relief that plaintiff is seeking in the complaint. And so, the Court must dismiss plaintiff's complaint for lack of subject-matter jurisdiction.[3] RCFC 12(b)(1).

### 2. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Unjust Conviction Claim

In addition, to the extent that plaintiff asserts an unjust conviction claim in the complaint, plaintiff has also failed to demonstrate that the Court possesses jurisdiction to consider that claim. In this regard, it is well established that this Court possesses jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. It is also without dispute in this case that plaintiff's sentence to incarceration stems from his conviction of various criminal offenses under Pennsylvania state law. *See generally Washam v. Del. Cty Court of Common Pleas, et al.*, No.

---

[3] The Court is also without jurisdiction to consider plaintiff's claims against private individuals. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that, for suits filed in the United States Court of Federal Claims, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (holding that "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual").

7

95-cv-5697, 2006 WL 3524384, *2 (E.D. Pa. Dec. 5, 2006). Given this, plaintiff has not demonstrated that his unjust conviction claim involves a claim for damages by an individual who has been unjustly convicted for an offense against the United States and imprisoned. And so, plaintiff has not met his burden to show that the Court possesses jurisdiction to consider this claim. *Id.*

### B. Plaintiff's Requests For Other Relief Are Moot

The Court must also deny several motions that plaintiff has filed seeking various relief as moot. First, on July 6, 2016, plaintiff filed a motion for summary judgment, pursuant to RCFC 56. *See generally* Pl. Mot. for Sum. Judg. On August 30, 2016, plaintiff also filed a motion for judgment on the pleadings, pursuant to RCFC 12(c). *See generally* Pl. Mot. Jmt. on Pl. Lastly, on October 26, 2016, plaintiff filed a motion for judgment, pursuant to RCFC 54(b). *See generally* Pl. Mot. Jmt. Because the Court has determined that it does not possess subject-matter jurisdiction to consider plaintiff's claim, the Court dismisses plaintiff's motions as moot. *See, e.g., Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because . . . plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

### C. Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement

As a final matter, plaintiff filed a motion to proceed *in forma pauperis* in this matter on June 24, 2016. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a lawsuit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); *see also* 28 U.S.C. § 2503(d). In cases where the plaintiff is a prisoner, as is the case here, the plaintiff must also submit "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint[.]" *Bedell v. United States*, No. 15–374, 2015 WL 3823946, at *3 (Fed. Cl. June 18, 2015) (quoting 28 U.S.C. § 1915(a)(2)); *Spencer v. United States*, 98 Fed. Cl. 349,

354 n.8 (2011). In addition, a prisoner granted *in forma pauperis* status is still "required to pay the full amount of a filing fee" over time.[4] 28 U.S.C. § 1915(b)(1).

In this case, plaintiff has provided a certified copy of his trust fund account statement in support of his motion to proceed *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. After reviewing plaintiff's submission, the Court finds that plaintiff has satisfied the statutory requirements to proceed *in forma pauperis*. And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of resolving the government's motion to dismiss.

## V. CONCLUSION

In sum, when construed in the light most favorable to plaintiff, the complaint fails to demonstrate that the Court possesses subject-matter jurisdiction to consider plaintiff's claims. And so, the Court must grant the government's motion to dismiss and dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1).

Because the Court concludes that it does not possess subject-matter jurisdiction to consider plaintiff's claims, the Court also denies as moot plaintiff's motions for summary judgment, for judgment on the pleadings and for judgment. Lastly, in light of plaintiff's *pro se* status—and plaintiff's representation that he is unable to pay the Court's filing fee—the Court grants plaintiff's request to proceed in this matter *in forma pauperis* for the limited purpose of resolving the jurisdictional issues raised by the complaint.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** the government's motion to dismiss;

---

[4] The Court is required to "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). Following payment of the initial partial filing fee, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 1915(b)(2). In addition, a prisoner may not proceed *in forma pauperis* if the prisoner, while detained, previously had three or more complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, "unless the prisoner is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The dismissal of this case counts as a "strike" under 28 U.S.C. § 1915(g).

9

(2) **DENIES** as moot plaintiff's motion for summary judgment, motion for judgment on the pleadings and motion for judgment; and

(3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge